UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERT DONALD CANALIA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 2:12-cv-316
HON. TIMOTHY P. GREELEY

## **OPINION**

Plaintiff Bert Canalia filed this complaint seeking judicial review of the final decision of the Commissioner of Social Security denying his request for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 416. Plaintiff first applied for benefits in February of 2009, alleging that he was disabled as a result of diverticulitis, right shoulder pain, fibromyalgia, and various back problems. Plaintiff's application for benefits was denied initially and he eventually appeared for a hearing before an Administrative Law Judge (ALJ) on December 3, 2010. On December 30, 2010, the ALJ issued a decision denying plaintiff's request for disability benefits. Thereafter, plaintiff requested review of the ALJ's decision and on June 19, 2012, the Appeals Council found that there was no basis to overturn the decision of the ALJ.

To establish an entitlement to disability benefits, plaintiff is required to show that he is unable to engage in any substantial gainful activity due to a "medically determinable physical or mental impairment that can be expected . . . to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 1382c(a)(3)(A). *See also Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). If plaintiff's impairments prevent him from performing his previous work, it must also be

established that there is not work existing in significant numbers in the economy that he can perform. *See* 42 U.S.C. § 1382c(a)(3)(B). Plaintiff bears the burden of establishing his entitlement to disability benefits. In determining whether plaintiff can engage in substantial gainful activity, the social security regulations set forth a five step sequential evaluation, which was followed by the ALJ in this case. *See* 20 CFR § 416.920. *See also Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003). Following that sequential evaluation, if the Commissioner finds that plaintiff is not disabled at any step, then the Commissioner does not need to analyze further.

In the instant case, the ALJ determined that plaintiff was capable of performing a range of medium work that would allow him to walk and stand six hours per eight hour work day and sit for two hours per eight hour work day, with some limitations. The ALJ compared plaintiff's residual functional capacity to his past relevant work and considered the testimony of the vocational expert and determined that plaintiff was capable of performing his past relevant work. *See* ALJ's decision at page 18-19 (hereinafter Tr. at ___). Alternatively, the ALJ found that there was other work in the economy which plaintiff could perform. The Appeals Council denied plaintiff's request for a review and therefore the ALJ's decision became the final decision of the Commissioner.

The decision of the Commissioner shall be conclusive if it is supported by substantial evidence. *See Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986). Substantial evidence has been defined as such relevant evidence as a reasonable person might find adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Sixth Circuit has indicated that "the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion . . . this is so because there is a 'zone of choice' within which the Commissioner can act, without fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, the ALJ's decision is not to be "overturned

if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *See Jones v. Commissioner of Social Security*, 336 F.3d 469, 477 (6th Cir. 2003). If this Court concludes that substantial evidence does not exist to support the Commissioner's decision, the Court can reverse the decision and immediately award benefits, but only if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *See Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994); *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 176 (6th Cir. 1994).

The opinions of plaintiff's treating physicians are entitled to some deference and cannot be ignored by the Commissioner. The Sixth Circuit has explained that the treating source opinions are entitled to great weight if the are supported by sufficient clinical findings and are consistent with the evidence of record. *See Blakely v. Commissioner of Social Security*, 581 F.3d 399, 406 (6th Cir. 2009) ; *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The Commissioner is not bound by the treating physicians' opinions and such opinions are entitled to great weight only if they are supported by sufficient clinical findings and are consistent with the evidence. The treating physicians' opinions are not entitled to a presumption of correctness when the record contains contrary evidence. If there is well supported contradicting evidence, the treating physicians' opinions are not entitled to controlling weight. *See Rogers v. Commissioner of Social Security*, 486 F.3d 234, 242 (6th Cir. 2007). Where the treating physicians' opinions are well supported by medically acceptable clinical and laboratory diagnostic tests, and are not inconsistent with other substantial evidence in the record, then the opinions are accorded controlling weight. *Wilson v. Commissioner of Social Security*, 378 F.3d 541 (6th Cir. 2007).

In the instant case, in concluding that plaintiff was not entitled to disability benefits, the ALJ relied upon the consultive examination of Dr. Tama Abel and the opinion of Dr. Robert Nelson, a state examiner who opined that plaintiff was capable of performing a range of medium work. Plaintiff's treating physicians, Dr. Novick and Dr. Hubbard, both opined that plaintiff was disabled from employment. The evidence of record establishes that plaintiff does suffer from significant back problems. The radiology report of May 8, 2009, explains:

> Vertebral height is satisfactory. There is a grade I spondylolisthesis at L5 with bilateral spondylolysis. There is diffuse spondylosis between L1 and S1 ranging from mild to moderate in degree. The lumbosacral level is most prominently affected. There is mid and lower lumbar facetal arthrosis. I see no other abnormalities affecting the posterior elements. The sacroiliac joints are minimally narrowed and there is slight marginal sclerosis. A small amount of calcium is seen in the walls of the abdominal aorta.

Tr. at 269. The record also establishes that plaintiff was taking Vicodin to relieve his back pain. Tr. at 333, 355. On May 15, 2010, plaintiff's treating physician Dr. Novick explained:

> Mr. Canalia has a diagnosis of fibromyalgia, degenerative joint disease of the lumbar spine, and left sacroiliac joint pain. Despite my treatment, past physical therapy, and medication management, Mr. Canalia continues to experience significant impairments which preclude him from the ability to perform full time work on a consistent basis.
>
> Mr. Canalia's primary symptoms include constant low back pain, as well as associated fatigue. I have substituted medications in an attempt to produce less symptomatology and to relieve side effects, but have been unable to completely relieve Mr. Canalia's pain with medication without unacceptable side effects. He is also treated with Lantus, Humalog, and other medications related to diabetes, which causes low blood sugar. My examinations have revealed lower back pain with tenderness to palpation consistent with left sacroiliac joint pain; lower back pain to L4-L5-S1 consistent with degenerative disc disease; and left elbow symptoms consistent with lateral spondylitis.
>
> My assessment of Mr. Canalia's functional capacity is based upon my own examination and clinical testing of the claimant, as well as

- 4 -

>reported symptoms consistent with Mr. Canalia's condition. In a normal competitive five day a week work environment on a sustained basis, my patient is limited to sitting up to four hours total, and standing/walking less than one hour total in an eight hour day. It is necessary for him not to sit or stand/walk continuously in a work setting, and he would have to take unscheduled breaks to rest or move around every half-hour for approximately five minutes duration. Mr. Canalia is limited to occasionally lifting or carrying up to ten pounds, but never above that amount. He has significant limitations in doing repetitive reaching secondary to lower back pain. He experiences limitations in his upper extremities, with moderate limitations in the right upper extremity for grasping, turning, and twisting objects. He has moderate limitations bilaterally in using the arms for reaching, including overhead.
>
>I believe Mr. Canalia's symptoms would likely increase if he were placed in a competitive work environment. He has "good days" and "bad days," and as a result of his impairment, he is likely to be absent from work about two to three times every month. In my best medical opinion, I do not believe that Mr. Canalia is capable [of] performing any full-time, competitive work.

Tr. at 13.

Dr. Novick also completed a multiple impairment questionnaire regarding plaintiff. In that questionnaire, Dr. Novick indicated that plaintiff was capable of lifting and carrying 5-10 pounds on an occasional basis, but never more than that. Dr. Novick indicated that plaintiff was significantly limited from reaching overhead. Tr. at 282. Dr. Novick's questionnaire, which was completed in June of 2009, fully supports plaintiff's claim that he is disabled. Tr. at 278-285. Plaintiff's other treating physician, Dr. Hubbard, also completed a multiple impairment questionnaire. Tr. at 315-322. Dr. Hubbard diagnosed plaintiff with chronic back pain as a result of spondylolisthesis and degenerative disk disease. Tr. at 315. Dr. Hubbard noted that plaintiff was suffering from muscle spasms. *Id*. According to Dr. Hubbard, an MRI performed in 2003 established a bulging a disk at L4-L5 and spondylolisthesis at L5. Dr. Hubbard opined that plaintiff could lift up to 10 pounds occasionally and carry up to 5 pounds occasionally, but could never lift

or carry more weight than that. In addition, Dr. Hubbard indicated that plaintiff was not capable of doing repetitive reaching. Tr. at 318. Dr. Hubbard indicated that plaintiff was not a malingerer. Tr. at 320.

The opinions of plaintiff's two treating physicians, Dr. Novick and Dr. Hubbard, are supported by the clinical evidence of record. There is a radiology report of 2009 which establishes that plaintiff suffers a significant back condition. An MRI from 2003 also supports the existence of a back condition. Plaintiff was suffering from muscle spasms and was taking narcotics to treat the pain.

The ALJ's decision pays lip service to the law that treating source opinions are entitled to greater weight if they are supported by sufficient clinical findings, but then disregards those opinions in favor of the opinions of state examiners who conducted consultive examinations. Both treating physicians place significant limitations on plaintiff's ability to lift, carry and reach overhead. Those conclusions are supported by the medical evidence of record that plaintiff suffers from a significant back condition which causes him pain, results in muscle spasms, and has him taking Vicodin to relieve the pain. The ALJ and the consultive examiners rejected these findings by the treating physicians without an adequate basis. The medical record leads to but one conclusion: plaintiff suffers from a serious back condition. He was experiencing muscle spasms, had been prescribed narcotics, and, despite efforts at physical therapy, his treating physicians did not believe he could perform substantial gainful employment. The Court is mindful of the limited nature of its review of a denial of disability benefits by the Commissioner. The Court has no desire to substitute its review of the record for that of the ALJ and is frankly loathe to reverse the decision of the Commissioner. In the instant case, however, the Court is left with no option. The medical evidence of record does not provide support for the Commissioner's denial of plaintiff's request for disability

benefits.  The opinions of the treating physicians and the medical evidence of record establish that plaintiff suffers from a serious medical condition which would not permit plaintiff to perform medium work.

Accordingly, the decision of the Commissioner is reversed and the matter is remanded for further proceedings consistent with this Opinion.  The Commissioner is not bound to accept the findings of Dr. Hubbard and Dr. Novick that plaintiff is disabled.  The medical evidence of record, however, clearly supports a finding that under no circumstances can plaintiff perform medium work.  The evidence of record supports, at best, a finding that plaintiff could perform a limited range of sedentary work.  The Commissioner is in the best position to review the record and determine whether or not plaintiff is entitled to benefits under the circumstances presented.


 /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   August 29, 2013